## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>11-20483-CR-SCOLA(s)(s)</u>
18 U.S.C. § 1349
18 U.S.C. § 1344
18 U.S.C. § 1343
18 U.S.C. § 2
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)(A)

UNITED STATES OF AMERICA

vs.

**ELAYNE GUTIERREZ,**
**MARIBEL DIARTH,**
**YUDITH PADILLA,**
**IVAN PADILLA,**
**NAPOLEON CADALZO,**
**HISAMARA ESPONDA, and**
**JULIO HERNANDEZ,**

        **Defendants.**
_____/

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At various times relevant to this Second Superseding Indictment:

1.     First Franklin Financial Corp. ("First Franklin") was a financial institution with offices located throughout the United States, including in the State of Florida, and whose accounts were insured by the Federal Deposit Insurance Corporation ("FDIC").

2.     Washington Mutual Bank ("WAMU") was a financial institution with offices located throughout the United States, including in the State of Florida, and whose accounts were insured by the FDIC.

3.     Wells Fargo Bank ("Wells Fargo") was a financial institution with offices located throughout the United States, including in the State of Florida, and whose accounts were insured by the FDIC.

4.     National City Bank ("National City") was a financial institution with offices located throughout the United States, including in the State of Florida, and whose accounts were insured by the FDIC.

5.     IndyMac Bank F.S.B. ("IndyMac") was a financial institution with offices located throughout the United States, including in the State of Florida, and whose accounts were insured by the FDIC.

6.     Freemont Investment and Loan was a California corporation doing business as a mortgage lender throughout the United States, including in the State of Florida.

7.     Peoples Choice Home Loan, Inc. was a California corporation doing business as a mortgage lender throughout the United States, including in the State of Florida.

8.     Axiom Financial Services was a Texas corporation doing business as a mortgage lender throughout the United States, including in the State of Florida.   Accredited Home Lenders, Inc. was a California corporation doing business as a mortgage lender throughout the United States, including in the State of Florida, and was a related entity to Axiom Financial Services.

9.     America's Wholesale Lender was a California corporation doing business as a mortgage lender throughout the United States, including in the State of Florida.

10.    Countrywide Home Loans, Inc. was a California corporation doing business as a mortgage lender throughout the United States, including in the State of Florida.

2

11.     Impact Funding Corporation was a California corporation doing business as a mortgage lender throughout the United States, including in the State of Florida.

12.     American Broker's Conduit was a Texas corporation doing business as a mortgage lender throughout the United States, including in the State of Florida.  American Home Mortgage was a New York corporation doing business as a mortgage lender throughout the United States, including in the State of Florida, and was a related entity to American Broker's Conduit.

13.     Aegis Funding Corporation was a Texas corporation doing business as a mortgage lender throughout the United States, including in the State of Florida.  Aegis Mortgage Corporation was a Texas corporation doing business as a mortgage lender throughout the United States, including in the State of Florida, and was a related entity to Aegis Funding Corporation.

14.     Master Financial, Inc. was a California corporation doing business as a mortgage lender throughout the United States, including in the State of Florida.

15.     Pinnacle Financial Corporation was a Florida corporation doing business as a mortgage lender throughout the United States, including in the State of Florida.

16.     Nationstar Mortgage LLC was a Texas corporation doing business as a mortgage lender throughout the United States, including in the State of Florida.

17.     GB Home Equity LLC was a Wisconsin corporation doing business as a mortgage lender throughout the United States, including in the State of Florida.

18.     The term "lenders" refers collectively to the mortgage lenders set forth in the preceding paragraphs 1 through 17 each of which extended mortgage and home equity line of credit ("HELOC") loans and disbursed mortgage and HELOC loan proceeds to fund the

financing of residential properties in the State of Florida.

19.     Kasa Mortgage was a mortgage brokerage company in the State of Florida, incorporated on or about December 3, 2004, with its principal places of business listed as: 5384 SW 186 Way, Miramar, FL 33029; and 4960 SW 72 Ave, # 211, Miami, FL 33155.

20.     New Line Realty was a realty company in the State of Florida, incorporated on or about December 5, 2003, with its principal places of business listed as: 3785 NW 82 Ave, Suite 200, Miami, FL, 33166; 5384 SW 186 Way, Miramar, FL 33029; and 4960 SW 72 Ave, # 211, Miami, FL 33155.

21.     A+ Title Service Corp. ("A+ Title") was a title company in the State of Florida, incorporated on or about July 3, 2003, with its principal place of business listed in the Southern District of Florida.

22.     Miami Doral Realty L.L.C. ("Miami Doral Realty") was a realty company in the State of Florida, incorporated on or about October 15, 2001, with its principal place of business listed as 10783 NW 41 Street, Miami, FL 33178.

23.     America Home Inspections Inc. ("America Home Inspections") was a Florida Corporation, incorporated on or about June 8, 2004, with its principal places of business listed as: 1508 East Mowdry Dr. Apt. #204, Homestead, FL, 33033; and 14143 SW 158 Ct., Miami, FL, 33196.

24.     AV Property Management Corp. ("AV Property Management") was a Florida Corporation, incorporated on or about April 2, 2007, with its principal place of business listed as 14143 SW 158 Ct., Miami, FL, 33196.

25.     CL Wholesale Auto Solutions was a Florida Corporation, incorporated on or

4

about May 2, 2005, with its principal place of business listed as 12415 SW 10 Street, Miami, FL 33184.

26.     Alianza Investment Corp., a/k/a "Alliance Investment Corp.," was a Florida Corporation, incorporated on or about February 5, 2007, with its principal place of business listed as 11030 SW 44 Street, Miami, FL, 33165.

27.     Pro Lux Beauty Supply Inc. was a Florida Corporation, incorporated on or about August 25, 2004, with its principal places of business listed as: 60 East 64 Street, Hialeah, FL 33013; and 9160 NW 122 Street # 24, Hialeah, FL 33015.

28.     B&B Auto Collision Inc. was a Florida Corporation, incorporated on or about July 7, 2004, with its principal places of business listed as: 2267 West 69 Street, Unit A, Hialeah, FL 33076; and 4615 East 10 Ave, Hialeah, FL 33013.

29.     The Law Office of O.M. was a registered entity with the State of Florida, registered on or about June 21, 2004, with its principal place of business listed in the Southern District of Florida.

30.     Blue Coast Title Services was a title company in the State of Florida, incorporated on or about July 28, 2006, with its principal places of business listed as: 347 NE 11 Drive, Homestead, FL; and 5001 SW 74 Court, Suite 202, Miami, FL.

31.     Ishmett Nazario, an individual who resided in Miami-Dade County, Florida, was a closing agent. Nazario worked at The Law Office of O.M. and was the owner and operator of Blue Coast Title Services. Nazario conducted real estate closings through and on behalf of The Law Office of O.M. and Blue Coast Title Services. Nazario was also the seller of 186 SE 12 Terrace #2006, Miami, FL 33131.

5

32.     Defendant **ELAYNE GUTIERREZ**, an individual who resided in Miami-Dade County, Florida, was employed as a closing agent at A+ Title Service Corp. **GUTIERREZ** conducted real estate closings through and on behalf of A+ Title Service Corp.

33.     Defendant **MARIBEL DIARTH**, an individual who resided in Miami-Dade County, Florida, was a mortgage applicant and seller for the following properties: (a) 19390 Collins Ave. #1114, Miami Beach, FL 33160; (b) 1200 Brickell Bay Drive #1617, Miami, FL 33131; (c) 1200 Brickell Bay Drive #2219, Miami, FL 33131; and (d) 1200 Brickell Bay Drive #2120, Miami, FL 33131.

34.     Defendant **YUDITH PADILLA**, an individual who resided in Miami-Dade County, Florida, was a mortgage applicant for 6365 Collins Ave. #1607, Miami Beach, FL 33141.

35.     Defendant **IVAN PADILLA**, an individual who resided in Miami-Dade County, Florida, was the husband of **YUDITH PADILLA** and co-owner and operator of B&B Auto Collision Inc. **IVAN PADILLA** also was a mortgage applicant and seller for 1200 Brickell Bay Drive #3919, Miami, FL 33131.

36.     Defendant **NAPOLEON CADALZO**, an individual who resided in Miami-Dade County, Florida, was a mortgage applicant for the following properties: (a) 1200 Brickell Bay Drive #3919, Miami, FL 33131; and (b) 186 SE 12 Terrace #909, Miami, FL 33131.

37.     Defendant **HISAMARA ESPONDA**, an individual who resided in Miami-Dade County, Florida, was a mortgage applicant for the following properties: (a) 650 West Ave. #2312, Miami Beach, FL 33139; and (b) 186 SE 12 Terrace #2006, Miami, FL 33131. **ESPONDA** also posed as a HELOC applicant for 186 SE 12 Terrace #2006, Miami, FL 33131.

38.    **JULIO HERNANDEZ,** an individual who resided in Miami-Dade County, Florida, posed as a mortgage applicant for the following properties: (a) 1200 Brickell Bay Drive #1519, Miami, FL 33131; and (b) 410 Catalonia Avenue, Coral Gables, FL 33134.

39.    Luis A. Oramas, an individual who resided in Miami-Dade County, Florida, was the co-owner and operator of CL Wholesale Auto Solutions. Oramas also was the sole owner and operator of Alianza Investment Corp., a/k/a "Alliance Investment Corp."

40.    Keskea Hernandez-Frei, an individual who resided in Broward County, Florida, was a licensed real estate sales associate in the State of Florida. Hernandez-Frei also was the sole owner and operator of Kasa Mortgage and President, Vice President, and Secretary of New Line Realty.

41.    Mariela Hernandez, an individual who resided in Miami-Dade County, Florida, was employed as a loan processor at Kasa Mortgage. Hernandez was a seller and mortgage applicant for 19390 Collins Ave. #1114, Miami Beach, FL 33160.

42.    Ana Taveras, an individual who resided in Miami-Dade County, Florida, was a licensed real estate sales associate in the State of Florida and was employed at New Line Realty. Taveras also was a mortgage applicant and seller for 1200 Brickell Bay Drive #1519, Miami, FL 33131.

43.    Joaquin Gomez, an individual who resided in Miami-Dade County, Florida, was the owner and operator of Pro Lux Beauty Supply Inc.

44.    Manuel Valdes was an individual who resided in Miami-Dade County, Florida.

45.    Carmen Ramos, an individual who resided in Miami-Dade County, Florida, was licensed real estate sales associate in the State of Florida and employed by Miami Doral Realty.

46.     Andres Vargas, an individual who resided in Miami-Dade County, Florida. Vargas was a listed officer and director for America Home Inspections and AV Property Management.

47.     Martha Fernandez, an individual who resided in Miami-Dade County, Florida was a mortgage applicant for 4775 Collins Ave. #1805, Miami Beach, FL 33139.

48.     Guillermo Rivero, an individual who resided in Miami-Dade County, Florida, was a mortgage applicant for the following properties: (a) 1200 Brickell Bay Drive #3919, Miami, FL 33131; and (b) 1250 S. Miami Ave. #3604, Miami, FL 33130.

49.     Rafael Bonne, an individual who resided in Miami-Dade County, Florida, was a mortgage applicant for the following properties: (a) 1200 Brickell Bay Drive #1617, Miami, FL 33131; and (b) 186 SE 12 Terrace #1808, Miami, FL 33131.

50.     N.V., an individual believed to have resided in Miami-Dade County, Florida, was utilized as a mortgage applicant for the following properties: (a) 1200 Brickell Bay Drive #2219, Miami, FL 33131; and (b) 1200 Brickell Bay Drive #2120, Miami, FL 33131.

51.     J.F., an individual who resided in Miami-Dade County, Florida, was utilized as a mortgage applicant for the following properties: (a) 7520 SW 172 Street, Miami, FL 33157; and (b) 16801 SW 77 Ave., Miami, FL 33157.

52.     The term "closing" referred to the legal event at which the transfer of an interest in real estate from seller to buyer formally took place, as well as the point at which funds were transferred between the various parties, such as from the lending institution to the buyer or to the seller on the buyer's behalf, which transfer was often accomplished by temporarily passing the funds through an intermediary referred to as a "closing agent," or "title company."

53.     The term "home equity line of credit" ("HELOC") refers to a loan in which the lender agrees to lend to the borrower a maximum amount of money within an agreed period, and the equity in the borrower's property serves as collateral for the loan.   The borrower is not advanced the entire sum of money up front, but uses a line of credit to borrow sums that total no more than the total amount of money authorized under the HELOC, similar to a credit card.

54.     A HUD-1 Settlement Statement ("HUD-1 Statement") was a standard form required to be executed for the closing of all real estate transactions.   The HUD-1 Statement itemized all aspects of the closing for the lender, including any payments made by the borrower, money due to the seller, and any fees paid to third parties in connection with the closing.

55.     "Cash-to-close" referred to the monetary obligations to be met by an individual, usually the buyer, in order for a closing on a particular real estate transaction to be completed.

## COUNT 1
### CONSPIRACY TO COMMIT BANK AND WIRE FRAUD
### (18 U.S.C. § 1349)

1.     Paragraphs 1 through 55 of the General Allegations section of this Second Superseding Indictment are re-alleged and fully incorporated herein by reference.

2.     From in or around January 2006, through in or around June 2008, the exact dates being unknown to the Grand Jury, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**ELAYNE GUTIERREZ,**
**MARIBEL DIARTH,**
**YUDITH PADILLA,**
**IVAN PADILLA,**
**NAPOLEON CADALZO,**
**HISAMARA ESPONDA, and**
**JULIO HERNANDEZ,**

9

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree together and with others known and unknown to the Grand Jury:

a)  to knowingly and with intent to defraud, execute and cause the execution of a scheme and artifice to defraud a financial institution, which scheme and artifice would employ a material falsehood, and to knowingly and with intent to defraud, execute, and cause the execution of a scheme and artifice to obtain moneys, funds, credits, assets, and other property owned by, and under the custody and control of a financial institution, by means of false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Sections 1344(1) and (2); and

b)  to knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and transmitting and causing to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures and sounds, for the purpose of executing the scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

3.  It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) utilizing, and serving as, unqualified buyers to falsely and fraudulently purchase and finance residential properties in Miami-Dade County, Florida; (b) submitting false and fraudulent mortgage loan applications, closing

documents, and other related loan documents to financial and lending institutions, thereby inducing the financial and lending institutions to make mortgage and HELOC loans to the unqualified buyers for the purchase and financing of the residential properties; (c) causing the financial and lending institutions to loan more money than they otherwise would have loaned by preparing, and submitting to them, false and fraudulent HUD-1 Statements which did not accurately reflect the money received from the borrowers and the money disbursed to the sellers; (d) concealing the false and fraudulent scheme by failing to record, and falsely and fraudulently recording, mortgage deeds and mortgage documentation with the State of Florida, collecting rent on the properties, and arranging to re-sell, or "flip," the properties to different unqualified buyers; and (e) diverting fraud proceeds for their personal use and benefit, and to further the fraud scheme.

## MANNER AND MEANS OF CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4.    **ELAYNE GUTIERREZ,** Luis A. Oramas, Keskea Hernandez-Frei, Mariela Hernandez, Ana Taveras, Joaquin Gomez, Manuel Valdes, Carmen Ramos, Andres Vargas, and their co-conspirators, identified certain residential properties in Miami-Dade County, Florida, that could be used to defraud lenders which included, among others, the following properties:

(a)    19390 Collins Ave. #1114, Miami Beach, FL 33160;

(b)    1200 Brickell Bay Drive #1617, Miami, FL 33131;

(c)    1200 Brickell Bay Drive #2219, Miami, FL 33131;

(d)    1200 Brickell Bay Drive #2120, Miami, FL 33131;

11

(e)     1200 Brickell Bay Drive #1519, Miami, FL 33131

(f)     1200 Brickell Bay Drive #3919, Miami, FL 33131;

(g)     186 SE 12 Terrace #1808, Miami, FL 33131;

(h)     7520 SW 172 Street, Miami, FL 33157;

(i)     16801 SW 77 Ave., Miami, FL 33157;

(j)     186 SE 12 Terrace #909, Miami, FL 33131;

(k)     1250 S. Miami Ave. #3604, Miami, FL 33130;

(l)     650 West Ave. #2312, Miami Beach, FL 33139;

(m)     4775 Collins Ave. #1805, Miami Beach, FL 33139;

(n)     6365 Collins Ave. #1607, Miami Beach, FL 33141;

(o)     186 SE 12 Terrace #2006, Miami, FL 33131; and

(p)     410 Catalonia Avenue, Coral Gables, FL 33134 (collectively, "the Properties")

5.      Luis A. Oramas, Keskea Hernandez-Frei, Mariela Hernandez, Ana Taveras, Joaquin Gomez, Manuel Valdes, Carmen Ramos, and Andres Vargas recruited unqualified buyers, and directed and paid others to recruit unqualified buyers, to act as qualifying mortgage applicants in order to falsely and fraudulently purchase and finance the Properties. Among the individuals that served as unqualified buyers were defendants and co-conspirators **MARIBEL DIARTH, YUDITH PADILLA, IVAN PADILLA, NAPOLEON CADALZO, HISAMARA ESPONDA, JULIO HERNANDEZ,** Taveras, Mariela Hernandez, Martha Fernandez, Guillermo Rivero, Rafael Bonne, N.V., and J.F. **YUDITH PADILLA** and **IVAN PADILLA** were also paid by Oramas for recruiting unqualified buyer Martha Fernandez.

12

6.      **ELAYNE GUTIERREZ,** Luis A. Oramas, Keskea Hernandez-Frei, Mariela Hernandez, Ana Taveras, Ishmett Nazario, Carmen Ramos, Andres Vargas, and their co-conspirators prepared, and caused to be prepared, false and fraudulent mortgage and HELOC loan applications and other related documents on behalf of the unqualified buyers.  The loan applications and related documents contained numerous false and fraudulent statements and representations relating to the borrowers' employment, income, deposits, assets, liabilities, other loan applications, intent to make the property a primary residence, and other information necessary for lenders to assess the buyers' qualifications to borrow money.  In some instances, the loan applications and related documents contained numerous false and fraudulent statements and representations relating to the purchase price of the Properties.  The false and fraudulent documents were used to induce the lenders to fund mortgage and HELOC loans to purchase and finance the Properties.

7.      At the time of the closings, **ELAYNE GUTIERREZ,** Ishmett Nazario, and their co-conspirators created, and caused to be created, false and fraudulent HUD-1 Statements.  The HUD-1 Statements falsely reflected that the cash-to-close for the loan was provided by the borrower, when in fact, the cash-to-close was not supplied or was supplied by other co-conspirators and entities at their direction.  In some instances, **GUTIERREZ,** Nazario, and their co-conspirators created multiple HUD-1 Statements for the same transaction and submitted different HUD-1 Statements to the seller (the "seller HUD-1") and to the lender ("lender HUD-1").  The seller HUD-1 reflected the actual purchase price to be paid to the seller for the property, but falsely and fraudulently reflected a significantly smaller loan amount than was actually borrowed from the lender, so as not to raise the seller's suspicions as to the false and

13

fraudulent nature of the transaction. The lender HUD-1 falsely and fraudulently reflected an inflated purchase price, and was intended to induce the lenders to fund the property loans at a significantly inflated value over the actual purchase price.

8.     The lenders approved the mortgage and HELOC applications based on the false and fraudulent loan applications and HUD-1 Statements submitted. Once the applications were approved, the lenders would wire the loan proceeds to **ELAYNE GUTIERREZ** and Ishmett Nazario in Miami, Florida, for distribution at the closings of the residential sale and HELOC transactions. Thereafter, **ELAYNE GUTIERREZ,** Ishmett Nazario, Luis A. Oramas, Keskea Hernandez-Frei, Mariela Hernandez, Ana Taveras, Joaquin Gomez, Manuel Valdes, Carmen Ramos, Andres Vargas, and their co-conspirators made, and caused to be made, false and fraudulent payments and disbursements from the mortgage and HELOC loan proceeds.

9.     In and around the time of the closings, **ELAYNE GUTIERREZ** and Ishmett Nazario falsely and fraudulently disbursed the loan proceeds to the sellers and others prior to and without receiving the cash-to-close payment from the buyers, contrary to the representations in the HUD-1 Statements. **GUTIERREZ** and Nazario falsely and fraudulently disbursed loan proceeds to Luis A. Oramas, Keskea Hernandez-Frei, Mariela Hernandez, Ana Taveras, Manuel Valdes, Andres Vargas, and other co-conspirators, contrary to the representations in the HUD-1 Statements. **GUTIERREZ,** Nazario, and their co-conspirators also failed to record, and falsely and fraudulently recorded, mortgage deeds and mortgage documentation with the State of Florida authorities in order to both conceal the fraud and conduct multiple mortgage loan closings on some of the Properties.

14

10.    Luis A. Oramas, Keskea Hernandez-Frei, Mariela Hernandez, Carmen Ramos, Andres Vargas, and other co-conspirators made, and caused to be made, undisclosed payments to **ELAYNE GUTIERREZ** for falsely and fraudulently conducting the closings for the Properties. They also made, and caused to be made, undisclosed payments to **MARIBEL DIARTH, YUDITH PADILLA, IVAN PADILLA, NAPOLEON CADALZO, HISAMARA ESPONDA,** and **JULIO HERNANDEZ** for falsely and fraudulently obtaining the mortgage and HELOC loans for the Properties.   The defendants and co-conspirators collected rent and made, and caused to be made, mortgage payments on the Properties in order to conceal the false and fraudulent nature of the transactions until they sold the Properties to other unqualified buyers or the Properties fell into foreclosure.   Ultimately, they stopped making mortgage payments, causing the Properties to go into foreclosure and resulting in substantial losses to the lenders.

All in violation of Title 18, United States Code, Section 1349.

**COUNTS 2-13**
**BANK FRAUD**
**(18 U.S.C. § 1344)**

1.    Paragraphs 1-5, 18-21, 25-44, 47-49, and 51-55 of the General Allegations section of this Second Superseding Indictment are re-alleged and incorporated fully herein by reference.

2.    From in or around January 2006 through in or around June 2008, the exact dates being unknown to the Grand Jury, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**ELAYNE GUTIERREZ,**
**MARIBEL DIARTH,**
**YUDITH PADILLA,**
**NAPOLEON CADALZO,**

15

**HISAMARA ESPONDA, and**
**JULIO HERNANDEZ**

did knowingly, and with intent to defraud, execute, and attempt to execute, and cause the

execution of, a scheme and artifice to defraud one or more financial institutions, which scheme

and artifice employed a material falsehood, and did knowingly, and with intent to defraud,

execute, and attempt to execute, and cause the execution of, a scheme and artifice to obtain

moneys, funds, credits, assets, and other property owned by, and under the custody and control

of one or more said financial institutions by means of false and fraudulent pretenses,

representations, and promises, relating to a material fact, in violation of Title 18, United States

Code, Sections 1344(1) and (2) and 2.

## PURPOSE OF THE SCHEME AND ARTIFICE

3.      It was the purpose of the scheme and artifice for the defendants and their

accomplices to unlawfully enrich themselves by, among other things: (a) utilizing, and serving

as, unqualified buyers to falsely and fraudulently purchase and finance residential properties in

Miami-Dade County, Florida; (b) submitting false and fraudulent mortgage loan applications,

closing documents, and other related loan documents to financial and lending institutions,

thereby inducing the financial and lending institutions to make mortgage and HELOC loans to

the unqualified buyers for the purchase and financing of the residential properties; (c) causing the

financial and lending institutions to loan more money than they otherwise would have loaned by

preparing, and submitting to them, false and fraudulent HUD-1 Statements which did not

accurately reflect the money received from the borrowers and the money disbursed to the sellers;

(d) concealing the false and fraudulent scheme by failing to record, and falsely and fraudulently

16

recording, mortgage deeds and mortgage documentation with the State of Florida, collecting rent on the properties, and arranging to re-sell, or "flip," the properties to different unqualified buyers; and (e) diverting fraud proceeds for their personal use and benefit, and to further the fraud scheme.

## THE SCHEME AND ARTIFICE

4.     Paragraphs 4 through 10 of the Manner and Means section of Count 1 of the Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## EXECUTION OF THE SCHEME AND ARTIFICE

5.     On or about the dates specified as to each count below, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants specified as to each count below did execute and attempt to execute the aforesaid scheme and artifice to defraud a financial institution and to obtain any moneys, funds, credit, assets, and other property owned by, and under the custody and control of, said financial institution, as more particularly described below:

| | | | |
|---|---|---|---|
| 2 | 1/5/2006 | **MARIBEL DIARTH** | Submission of fraudulent loan application, closing, and related documents in the name of **MARIBEL DIARTH** to First Franklin for the purpose of obtaining a mortgage loan in the amount of approximately $272,000 in connection with the purchase of the property located at 19390 Collins Ave #1114, Miami Beach, FL 33160. |
| 3 | 2/17/2007 | **ELAYNE GUTIERREZ** | Submission of fraudulent loan application, closing, and related documents in the name of J.F. to National City for the purpose of obtaining a mortgage loan in the amount of approximately $200,000 in connection with the purchase of the property located at 7520 SW 172 Street, Miami, FL 33157. |
| 4 | 3/23/2007 | **ELAYNE GUTIERREZ** | Submission of fraudulent loan application, closing, and related documents in the name of J.F. to National City for the purpose of obtaining a mortgage loan in the amount of approximately $234,000 in connection with the purchase of the property located at 16801 SW 77 Ave., Miami, FL 33157. |

| | | | |
|---|---|---|---|
| 5 | 3/30/2007 | **ELAYNE GUTIERREZ, and NAPOLEON CADALZO** | Submission of fraudulent loan application, closing, and related documents in the name of **NAPOLEON CADALZO** to Wells Fargo for the purpose of obtaining a mortgage loan in the amount of approximately $640,000 in connection with the purchase of the property located at 186 SE 12 Terrace #909, Miami, FL 33131. |
| 6 | 3/30/2007 | **ELAYNE GUTIERREZ, and NAPOLEON CADALZO** | Submission of fraudulent loan application, closing, and related documents in the name of **NAPOLEON CADALZO** to National City for purpose of obtaining a mortgage loan in the amount of approximately $280,000 in connection with the purchase of the property located at 186 SE 12 Terrace #909, Miami, FL 33131. |
| 7 | 5/17/2007 | **ELAYNE GUTIERREZ** | Submission of fraudulent loan application, closing, and related documents in the name of Guillermo Rivero to National City for the purpose of obtaining a mortgage loan in the amount of approximately $341,000 in connection with the purchase of the property located at 1250 S. Miami Ave. #3604, Miami, FL 33130. |

| | | | |
|---|---|---|---|
| 8 | 6/4/2007 | **ELAYNE GUTIERREZ** | Submission of fraudulent loan application, closing, and related documents in the name of Guillermo Rivero, to National City for the purpose of obtaining a mortgage loan in the amount of approximately $175,000 in connection with the purchase of the property located at 1200 Brickell Bay Drive #3919, Miami, FL 33131. |
| 9 | 7/11/2007 | **ELAYNE GUTIERREZ,** **and** **HISAMARA ESPONDA** | Submission of fraudulent loan application, closing, and related documents in the name of **HISAMARA ESPONDA** to National City for the purpose of obtaining a mortgage loan in the amount of approximately $342,000 in connection with the purchase of the property located at 650 West Ave. #2312, Miami Beach, FL 33139. |
| 10 | 7/12/2007 | **ELAYNE GUTIERREZ** | Submission of fraudulent loan application, closing, and related documents in the name of Martha Fernandez to National City for the purpose of obtaining a mortgage loan in the amount of approximately $349,000 in connection with the purchase of the property located at 4775 Collins Ave. #1805, Miami Beach, FL 33139. |

| | | | |
|---|---|---|---|
| 11 | 7/30/2007 | **ELAYNE GUTIERREZ** **and** **YUDITH PADILLA** | Submission of fraudulent loan application, closing, and related documents in the name of **YUDITH PADILLA**, to National City for the purpose of obtaining a mortgage loan in the amount of approximately $336,500 in connection with the purchase of the property located at 6365 Collins Ave. #1607, Miami Beach, FL 33141. |
| 12 | 9/25/2007 | **HISAMARA ESPONDA** | Submission of fraudulent loan application, closing, and related documents in the name of **HISAMARA ESPONDA**, to IndyMac for the purpose of obtaining a mortgage loan in the amount of approximately $417,000 in connection with the purchase of the property located at 186 SE 12 Terrace #2006, Miami, FL 33131. |
| 13 | 10/12/07 | **ELAYNE GUTIERREZ** **and** **JULIO HERNANDEZ** | Submission of fraudulent loan application, closing, and related documents in the name of Julio Hernandez to WAMU for the purpose of obtaining a mortgage loan in the amount of approximately $1,280,000 in connection with the purchase of the property located at 410 Catalonia Avenue, Coral Gables, FL 33134. |

In violation of Title 18, United States Code, Sections 1344(1) and (2), and 2.

## COUNTS 14-23
## WIRE FRAUD
## (18 U.S.C. § 1343)

1.    Paragraphs 6-21, 25-28, 32, 34-37, 39-44, 48, 49, and 51-55 of the General Allegations section of this Second Superseding Indictment are re-alleged and incorporated fully herein by reference.

2.    From in or around January 2006, through in or around June 2008, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**ELAYNE GUTIERREZ,**
**YUDITH PADILLA,**
**IVAN PADILLA,**
**NAPOLEON CADALZO, and**
**HISAMARA ESPONDA**

did knowingly and with intent to defraud devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and transmit and caused to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures and sounds, for the purpose of executing the scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE SCHEME AND ARTIFICE

3.    It was the purpose of the scheme and artifice for the defendants and their accomplices to unlawfully enrich themselves by, among other things: (a) utilizing, and serving as, unqualified buyers to falsely and fraudulently purchase and finance residential properties in Miami-Dade County, Florida; (b) submitting false and fraudulent mortgage loan applications, closing documents, and other related loan documents to financial and lending institutions,

thereby inducing the financial and lending institutions to make mortgage and HELOC loans to the unqualified buyers for the purchase and financing of the residential properties; (c) causing the financial and lending institutions to loan more money than they otherwise would have loaned by preparing, and submitting to them, false and fraudulent HUD-1 Statements which did not accurately reflect the money received from the borrowers and the money disbursed to the sellers; (d) concealing the false and fraudulent scheme by failing to record, and falsely and fraudulently recording, mortgage deeds and mortgage documentation with the State of Florida, collecting rent on the properties, and arranging to re-sell, or "flip," the properties to different unqualified buyers; and (e) diverting fraud proceeds for their personal use and benefit, and to further the fraud scheme.

## THE SCHEME AND ARTIFICE

4.      Paragraphs 4 through 10 of the Manner and Means section of Count 1 of the Second Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## EXECUTION OF THE SCHEME AND ARTIFICE

5.      On or about the dates specified as to each count below, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants specified as to each count below, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures and sounds, as more particularly described below:

23

| | | | |
|---|---|---|---|
| 14 | 9/8/2006 | **ELAYNE GUTIERREZ** and **IVAN PADILLA** | Wire transfer in the amount of $493,862.90 from Freemont Investment and Loan in California to A+ Title's account at Bank of America in the Southern District of Florida, relating to the purchase the property located at 1200 Brickell Bay Drive #3919, Miami, FL 33131. |
| 15 | 9/8/2006 | **ELAYNE GUTIERREZ** and **IVAN PADILLA** | Wire transfer in the amount of $120,812.52 from Freemont Investment and Loan in California to A+ Title's account at Bank of America in the Southern District of Florida, relating to the purchase of the property located at 1200 Brickell Bay Drive #3919, Miami, FL 33131. |
| 16 | 10/27/2006 | **ELAYNE GUTIERREZ** | Wire transfer in the amount of $507,986.40 from Aegis Mortgage Corporation in New York to A+ Title's account at Bank of America in the Southern District of Florida, relating to the purchase of the property located at 186 SE 12 Terrace #1808, Miami, FL 33131. |

| | | | |
|---|---|---|---|
| 17 | 10/27/2006 | **ELAYNE GUTIERREZ** | Wire transfer in the amount of $125,966.98 from an Aegis Mortgage Corporation trust account in New York to A+ Title's account at Bank of America in the Southern District of Florida, relating to the purchase of the property located at 186 SE 12 Terrace #1808, Miami, FL 33131. |
| 18 | 2/14/2007 | **ELAYNE GUTIERREZ** | Wire transfer in the amount of $545,202.50 from a Master Financial, Inc. trust account in New York to A+ Title's account at Bank of America in the Southern District of Florida, relating to the purchase of the property located at 7520 SW 172 Street, Miami, FL 33157. |
| 19 | 3/23/2007 | **ELAYNE GUTIERREZ** | Wire transfer in the amount of $544,904.73 from Pinnacle Financial Corporation, via New York, to A+ Title's account at Bank of America in the Southern District of Florida, relating to the purchase of the property located at 16801 SW 77 Ave., Miami, FL 33157. |

| | | | |
|---|---|---|---|
| 20 | 5/22/2007 | **ELAYNE GUTIERREZ** | Wire transfer in the amount of $466,335.67 from American Home Mortgage in New York to A+ Title's account at Bank of America in the Southern District of Florida, relating to the purchase of the property located at 1250 S. Miami Ave. #3604, Miami, FL 33130. |
| 21 | 6/6/2007 | **ELAYNE GUTIERREZ, and NAPOLEON CADALZO** | Wire transfer in the amount of $564,930.67 from American Home Mortgage in New York to A+ Title's account at Bank of America in the Southern District of Florida, relating to the purchase of the property located at 1200 Brickell Bay Drive #3919, Miami, FL 33131. |
| 22 | 7/13/2007 | **ELAYNE GUTIERREZ, and HISAMARA ESPONDA** | Wire transfer in the amount of $506,598.89 from American Home Mortgage in New York to A+ Title's account at Bank of America in the Southern District of Florida, relating to the purchase of the property located at 650 West Ave. #2312, Miami Beach, FL 33139. |

| | | | |
|---|---|---|---|
| 23 | 7/30/07 | **ELAYNE GUTIERREZ,** and **YUDITH PADILLA** | Wire transfer in the amount of $586,850.10 from Nationstar Mortgage LLC in New York to A+ Title's account at Bank of America in the Southern District of Florida, relating to the purchase of the property located at 6365 Collins Ave. #1607, Miami Beach, FL 33141. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE
### (18 U.S.C. §§ 982(a)(2)(A) and 981(a)(1)(C))

1.      The allegations of this Second Superseding Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which one or more of the defendants has an interest.

2.      Upon conviction of any of the offenses charged in Counts 1 through 23 of this Second Superseding Indictment, the defendants, **ELAYNE GUTIERREZ, MARIBEL DIARTH, YUDITH PADILLA, IVAN PADILLA, NAPOLEON CADALZO, HISAMARA ESPONDA,** and **JULIO HERNANDEZ,** shall forfeit to the United States: (a) any property constituting, or derived from, any proceeds that such defendant obtained directly or indirectly, as the result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2)(A); and (b) any property, real or personal, which constitutes, or is derived from, any proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c).

3.      Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendants:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred, or sold to, or deposited with a third party;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendants up to the value of the above-described forfeitable properties.

All pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and 982(b), Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), and the procedures set forth at Title 21, United States Code, Section 853.

A TRUE BILL

_____

WIFREDO A. FERRER
UNITED STATES ATTORNEY

SEAN T. McLAUGHLIN
ASSISTANT UNITED STATES ATTORNEY

28

| | |
|---|---|
| UNITED STATES OF AMERICA | **CASE NO.** ~~11-20483-CR-SCOLA(s)(s)~~ |
| vs. | |
| **ELAYNE GUTIERREZ, et al.,** | **CERTIFICATE OF TRIAL ATTORNEY*** |
| **Defendants.** | |

**Superseding Case Information:**

**Court Division:** (Select One)

New Defendant(s)       Yes _____   No   X

Number of New Defendants _____ 0 _____

Total number of counts _____ 23 _____

| X | Miami | _____ | Key West | _____ |
|---|-------|---------|----------|---------|
|   | FTL   | _____ | WPB      | _____ | FTP |

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No)     Yes
   List language and/or dialect     Spanish

4. This case will take 21 days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                           (Check only one)

|     |               |        |          |        |
|-----|---------------|--------|----------|--------|
| I   | 0  to  5 days | _____ | Petty    | _____ |
| II  | 6  to 10 days | _____ | Minor    | _____ |
| III | 11 to 20 days | _____ | Misdem.  | _____ |
| IV  | 21 to 60 days | X      | Felony   | X      |
| V   | 61 days and over | _____ | | |

6. Has this case been previously filed in this District Court? (Yes or No)     Yes
   If yes:
   Judge:   Robert N. Scola            Case No.   11-20483-CR-SCOLA(s)
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?     (Yes or No)     No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)     No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   _____ Yes   X   No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   _____ Yes   X   No

SEAN T. McLAUGHLIN
ASSISTANT UNITED STATES ATTORNEY
Court No.  A5501121

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**  ELAYNE GUTIERREZ

**Case No:** 11-20483-CR-SCOLA(s)(s)

Count #: 1

Conspiracy to Commit Bank and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:**  30 years' imprisonment

Count #s: 3-11, and 13

Bank Fraud

Title 18, United States Code, Section 1344

**\*Max. Penalty:**  30 years' imprisonment

Count #s: 14-23

Wire Fraud

Title 18, United States Code, Section 1343

**\*Max. Penalty:**   20 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name:**  MARIBEL DIARTH

**Case No:** 11-20483-CR-SCOLA(s)(s)

Count #: 1

Conspiracy to Commit Bank and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:**   30 years' imprisonment

Count #: 2

Bank Fraud

Title 18, United States Code, Section 1344

**\*Max. Penalty:**   30 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**  YUDITH PADILLA

**Case No:**  11-20483-CR-SCOLA(s)(s)

Count #: 1

Conspiracy to Commit Bank and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:**  30 years' imprisonment

Count #: 11

Bank Fraud

Title 18, United States Code, Section 1344

**\*Max. Penalty:**  30 years' imprisonment

Count #: 23

Wire Fraud

Title 18, United States Code, Section 1343

**\*Max. Penalty:**  20 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

<u>**PENALTY SHEET**</u>

**Defendant's Name:** IVAN PADILLA

**Case No:** 11-20483-CR-SCOLA(s)(s)

Count #: 1

Conspiracy to Commit Bank and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:** 30 years' imprisonment

Count #s: 14 and 15

Bank Fraud

Title 18, United States Code, Section 1344

**\*Max. Penalty:** 30 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**  NAPOLEON CADALZO

**Case No:**  11-20483-CR-SCOLA(s)(s)

Count #: 1

Conspiracy to Commit Bank and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:**  30 years' imprisonment

Count #s: 5 and 6

Bank Fraud

Title 18, United States Code, Section 1344

**\*Max. Penalty:**  30 years' imprisonment

Count #: 21

Wire Fraud

Title 18, United States Code, Section 1343

**\*Max. Penalty:**   20 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**  HISAMARA ESPONDA

**Case No:**  11-20483-CR-SCOLA(s)(s)

Count #: 1

Conspiracy to Commit Bank and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:**  30 years' imprisonment

Count #s: 9 and 12

Bank Fraud

Title 18, United States Code, Section 1344

**\*Max. Penalty:**  30 years' imprisonment

Count #: 22

Wire Fraud

Title 18, United States Code, Section 1343

**\*Max. Penalty:**   20 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name:** JULIO HERNANDEZ

**Case No:** 11-20483-CR-SCOLA(s)(s)

Count #: 1

Conspiracy to Commit Bank and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:**  30 years' imprisonment

Count #: 13

Bank Fraud

Title 18, United States Code, Section 1344

**\*Max. Penalty:**  30 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**